156

(No. 3120— ▇▇▇▇▇▇▇)

Benson Price and Marie Price, Claimants, *vs.* State of Illinois, Respondent.

*Opinion filed December 14, 1937.*

Nathan Bennett and Joseph L. Mack, for claimant.

Otto Kerner, Attorney General; Murray F. Milne, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

The complaint herein alleges that on the 28th day of June, A. D. 1937 the claimant, Benson Price, was the owner of a certain automobile; that on said date, about five o'clock p. m., the claimant, Marie Price, was driving said automobile in a southerly direction on Canal Street in the City of Blue Island, Illinois; that said Benson Price was then riding as a passenger in said automobile; that both claimants were in the exercise of all due care and caution; that the claimant Marie Price brought her car to a stop preparatory to crossing the intersection of said Canal Street and Chicago Avenue in said City of Blue Island; that the respondent through one of its employees in the Division of Highways then and there so carelessly and negligently drove and operated a certain Ford automobile owned by said respondent, that it ran into and collided with the automobile of the claimant, Benson Price, whereby said automobile was demolished and both of the claimants sustained personal injuries; for all of which they ask an award in the sum of $900.00.

The Attorney General has moved to dismiss the case on the ground that the State is not liable for the negligence of its servants and agents in the absence of a statute making it so liable.

We have repeatedly held that the State in the construction and maintenance of its hard-surfaced highways is engaged in a governmental function, and that in the exercise

of such functions, it is not liable for the negligence of its servants and agents in the absence of a statute making it so liable. *Chumbler* vs. *State,* 6 C. C. R. 138; *Braun* vs. *State,* 6 C. C. R. 104; *Ryan* vs. *State,* 8 C. C. R. 361; *Durkiewiecz* vs. *State,* No. 2484, decided at the September term, 1937.

Numerous other authorities are given in the cases cited, and it would serve no useful purpose to repeat them here.

The motion of the Attorney General must therefore be sustained.

Motion to dismiss allowed.   Case dismissed.